ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)          PAGE 1

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI

**FILED ONLINE**

Dennis Jobe #W1201

**Plaintiff**

v.

Mississippi Department of Corrections,
Marshall Turner, Centurion Providers,
et. al.,                    **Defendant**

**CASE NO.**     4:20-cv-039

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Dennis James Jobe, Jr

   B. Name under which sentenced: Dennis Jobe

   C. Inmate identification number: #W1201

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): MSP Unit 30 C-bldg., B-zone, bed #122

   E. Place of confinement: Parchman, Ms. 38783

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Mississippi Department of Corrections et. al.

   Title (Superintendent, Sheriff, etc.): c/o Ex-Commisione Felicia Hall

   Defendant's mailing address (street or post office box number, city, state, ZIP): 301 N. Lamar St.
   Jackson, Ms. 39201

*All Commissioners etc... have left MDOC employment*

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)        PAGE 2

Name: Marshall Turner (MDOC)

Title (Superintendent, Sheriff, etc.): Superintendent

Defendant's mailing address (street or post office. box number, city, state, ZIP): MSP Parchman P.O. Box 1057 Parchman, MS. 38238-1057

Name: Centurion Stephen Wheeler CEO

Title (Superintendent, Sheriff, etc.): C.T. Corp System 1045 Lakeland Dr. East

Defendant's mailing address (street or post office box number, city, state, ZIP): Flowood, MS. 39232 Medical Contractors

Name: Jim Santos & Angela Brown & Ms Gloria Perry

Title (Superintendent, Sheriff, etc.): Medical Doctor / Nurse Practioner / MDOC Medical Dir.

Defendant's mailing address (street or post office box number, city, state, ZIP): MSP Unit 42 (Hospital) Facility    301 N. Lamar St. Parchman, MS. 38238    Jackson, MS. 39201

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3.   Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?    ☑ Yes     ☐ No

4.   If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

A. Parties to the lawsuit:

Plaintiff(s): Dennis John #W1201

Defendant(s): Mississippi Department of Corrections el-al.

B. Court: Sunflower County Circuit Court    C. Docket No.: 2016-0319(Cm)(S)

D. Judge's Name: Hon. Margaret Carey McCray    E. Date suit filed: October 5, 2016

F. Date decided: March 8, 2018    G. Result (affirmed, reversed, etc.): Denied

5.   Is there a prisoner grievance procedure or system in the place of your confinement?    ☑ Yes     ☐ No

6.   If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).    ☑ Yes     ☐ No

7.   If you checked "Yes" in Question 6, answer the following questions:

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)    PAGE 3

A. Does the grievance system place a limit on the time within which a grievance must be presented?  ☑ Yes  ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed?  ☑ Yes  ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Administrative Remedy Procedure (ARP) was filed, #MSP-15-2132, on 10-5-15. Responding to on 12-29-'15, Eighty-six (86) days later. Asked for cure via only known cure to me (Harvoni) or the like for Hepatitis-C virus to prevent liver damage or further damage. Unknown degree, at present, to liver. They refused to cure virus or respond to Second Step Response and courts agreed. I had ex-hausted the ARP process though ARP Administrator attempted to refuse Richard Pennington ARP for back issues was filed, #MSP #19-1107 on or about 9-26-19, concerned for extreme pain where only x-ray was done and feared taking pain medication due to effects on liver damaged by Hepatitis-C virus.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

Initially cure was denied but after exhausting ARP-15-2132 Judicial Review in Sunflower County Circuit Court 2016-0319(CM)(s), Court of Appeals of Mississippi No. 2018-CP-00081-COA, cure was provided though courts denied claim(s)/Judicial Review. However, damage was left in liver. (Advanced liver-scarring) (See Appendixes AA thru A-2) the complaints concerning back had been ongoing since 2014 and it took six (6) years to get a MRI which showed neuro scurosis[sic] ARP #MSP-19-1107 finally got results of diagnosis they claim is inoperable (See Appendix CC)

*Appendix*
*A A*



## MANDATE
## COURT OF APPEALS OF THE STATE OF MISSISSIPPI

To the Sunflower County Circuit Court - GREETINGS:

In proceedings held in the Courtroom in the City of Jackson, Mississippi, the Court of Appeals of the State of Mississippi entered a judgment as follows:

Court of Appeals Case # 2018-CP-00087-COA
Trial Court Case #2016-0319(CM)(S)

Dennis Jobe a/k/a Dennis James Jobe Jr. a/k/a Dennis Jobe Jr. a/k/a Dennis J. Jobe Jr. a/k/a Dennis James Jobe v. State of Mississippi, Mississippi Department of Corrections and Earnest Lee

**Tuesday, 17th day of December, 2019**
Affirmed and Remanded. Sunflower County taxed with costs of appeal.

**Tuesday, 17th day of December, 2019**
The motion for rehearing is denied.

YOU ARE COMMANDED, that execution and further proceedings as may be appropriate forthwith be had consistent with this judgment and the Constitution and Laws of the State of Mississippi.

I, D. Jeremy Whitmire, Clerk of the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, certify that the above judgment is a true and correct copy of the original which is authorized by law to be filed and is actually on file in my office under my custody and control.

Witness my signature and the Court's seal on January 7, 2020, A.D.

**CLERK**

DATE RECIEVED : 01/10/2020

**OFFICE OF THE CLERK**
**Supreme Court & Court of Appeals**
Post Office Box 249
JACKSON, MS 39205-0249



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 39201
02 1W
0001403480 JAN 07 2020
$ 000.50⁰

2018-CP-00087-COA

Dennis Jobe
MSP # W1201
P. O. Box 1057
Parchman, MS, 38738

*Appendix*
*AA*

30 C-B122

38738$9999

Date Received _1.10.2020_
Accepted _✓_ Refused _____
Inmate Signature _____
Date/Time _1.10.2020_ _1214_
Inspected by _____

Appendix BB

Exhibit #

1 of 2

October 5, 2015

Answered (86) days later on
12-27-15
see exhibit

COPY

Dennis Jobe
# W12010-Unit 29D

David Petrie, ARP
Legal Claims Adjudicator

Re: This a Request For Administrative
Remedy

This is a Complaint against MDOC's
Medical Officials for denying me an ade-
quate medical treatment (cure) for
my Hepatitus-C by providing me with
this new drug (Harvoni) with a 96% to
98% cure rate, in violation of my eighth
amendment to the United States Consti-
tution.

That on May 7, 2015, I submitted
an ARP concerning this problem — s
ARP-EMCF-15-1124; the first-step
response assured me that the Responden
would refer my complaint to MDOC's
Officials, who were responsible for
approving said medication. I was
satisfied with that response, believing

39

Appendix BB

Exhibit #8

2 of 2

COPY

that M.D.O.C.'s Officials would provide me with this medication. That as of this date, M.D.O.C.'s Officials have failed and refused to provide me with my requested medical treatment.

I am requesting that this matter be investigated and I am allowed to have this treatment as soon as possible.

Respectfully,

_Dennis Jobe #W1301_

Dennis Jobe



*Appendix BB*

Exhibit #___ *(i.e. below)*

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

**ARP-2**

NUMBER _MSP_ - _1s_ - _2132_

## FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Legal Claims Adjudicator within 30 days of the date the request was initiated.

TO: _Dinnis Jube  W1201_          _2 9 D_

_Inmate's Name and DOC#_          Housing Unit

FROM: _William, Pan_          _MSP/ U-42_

_Person to whom 1st Step is Directed_          Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision.

_Harison is not yet on our Pharmacy formulary. It is_
_being long evaluated by in native officials. It is not_
_when its use is approved at this facility, we will be arranging_
_to initiate skips patient._

_* Note (see exhibit #7+8 - it took them 85 days to respond._
_(see exhibit #13 - s.o.p. requires they respond within_
_45 days. However, M.D.O.C. hold me to s.o.p. requirements while_
_they do not hold themselves to it. Also, could not getting any_
_legal personel to start up to recieve 2nd step_
_William W. Tiry_          _4/8/__

_____Signature_____          _____Date_____

(X) I am not satisfied with this response and wish to proceed to Step Two.
REASON:
_(see attached page)_

( ) I wish to cancel this complaint. You do not have to return this and time limit will cancel complaint.

41

Appendix BB

Exhibit #3
(1of2)          * 1' to: Attempts to seek relief
                        into was never responded to

Mississippi Department of Corrections

Administrative Remedy Program

Number MSP - 15 - 2132

Second Step Response Form

To: William Barr, and all Executive Personnel Concerning
     Medical Care at MSP

From: Dennis Jobes #W1201, Unit 30-C Building, A zone, Bed 49

Regarding: Dissatisfaction with Institutions response (First (1ˢᵗ) Step,

On October 5, 2015, I Filed ARP concerning care need for
Hepatitus C. (see Attached copy). Eighty six days later (86), December
27ᵗʰ 2015, I received an 'unsatisfactory' response to a very serious
problem, which I am trying to have addressed by and through this
institution concerning 'medical care', i.e. treatment of my Hepatitus-C
(a deadly - but _now_ curable disease) emphasis added...

Even though I am beyond the (5) days allotted to respond, the issue
within the complaint [must] still be reviewed, and thereafter dealt
with accordingly, in order to prevent any cruel and unusual behavior
by the state.

Hepatitus-C, if left unhealed can cause liver cancer and irreparable

Appendix BB

Exhibit #

(2 of 2)

* Note: Attempts to seek relief,
etc, was never responded to.

• refuses to give me the proper medications - Harvoni our generic type (a relatively new drug, with a 96% to 99% cure rate)! The failure of th institution to provide me with this drug not only violates the (8th) Eigr Amendment of the United States Constitution, but it is also forming a 'deliberate indifference' concerning my medical needs by MDOC's Administrative Authority.

Inmates in this institution who have HIV, and/or AIDS 'are being treat and [must] take their meds daily. Inmates with Hepatitus-C, however, are [not] being treated, when their blood is also contageous, can cause de and, unlike AIDS, is [Curable]! If this isn't considered 'Deliberate Indifference', then I don't know what is.

I have requested the cure for Hepatitus-C in the past, but I am re demanding that I be treated with the [cure]. That this institution provide me with the drug-'Harvoni' or its equivilent so as to be (cured). Otherwise I will have my family contact an outside lawyer concerning this very important matter, as it is this institutions responsibility to take care of my medical problems, not side step the matter, as I am a war of the state. Further legal deliberations allow the possibility of unrepai ant liver damage and for it to get worse and worse and, though, even if eventually cured the damage will already have been done.

Dated this 24th day of January, 2016

43

*Appendix BB*

*(Exhibit #8)*



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS

Superintendent Earnest Lee
Mississippi State Penitentiary

Post Office Box 1057
Parchman, Mississippi 38738
(662)745-6611

January 29, 2016

Inmate  Dennis Jobe  # W1201

Unit   29D

RE:   ARP # MSP-15-2132

You recently submitted paperwork to appeal to the Second Step of the Administrative Remedy Procedure.  Your request was not timely submitted, and is therefore being denied.

The Administrative Remedy Procedure provides that appeals to the Second Step must be submitted within five (5) days of the date of receipt of your First Step Response.

You received your First Step Response on December 27, 2015, and it was due in our office on January 1, 2016, if you wished to appeal.  We received your request for appeal on January 26, 2016     ⟶ the 2nd Response to 1st Response

No further correspondence concerning this matter should be necessary.

Sincerely,

Richard Pennington, Director
Administrative Remedy Program

R\ls

Pc:   File        44

⟶ Hed-C Exhibit-B4

ARP-2  R-5

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

Appendix
CC

**NUMBER** _MSP_ - _19_ - _1107_

## FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated

To: _Dennis Jobe  101201_                          _30_

Inmate's Name and DOC#                          Housing Unit

From: _Dr. A. Del Castillo_                      _MTD/MSP_

Person to whom 1st Step is Directed             Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

Mr. Jobe,

Regarding your concern requesting CT scan of LS spine, our provider saw you and examined you on 8/21/19, no radiologic test was recommended nor indicated. We will see you again to discuss other treatment modalities for chronic low back pain which includes a physical therapy referral and if no relief then we will consider MRI of LS spine as an option.

_D. Del Castillo_                               _10/24/19_

Signature                                       Date

[✓] I am not satisfied with this response and wish to proceed to Step Two.     (see attached)

REASON:

On going for over five years with two (2) Dr. recommendations to no avail. How many years of pain and Dr. recommendations before a diagnosis is confirmed.

( ) I wish to cancel this complaint. You do not have to return this and time limits will cancel complaint.

_Dennis Jobe  101201_                           _October 31 2019_

Inmate's Signature        DOC#                   Date

**Inmate's - Copy**

*Appendix A-1*

# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00087-COA

**DENNIS JOBE A/K/A DENNIS JAMES JOBE JR. A/K/A DENNIS JOBE JR. A/K/A DENNIS J. JOBE JR. A/K/A DENNIS JAMES JOBE**  **APPELLANT**

v.

**STATE OF MISSISSIPPI, MISSISSIPPI DEPARTMENT OF CORRECTIONS AND EARNEST LEE**  **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/16/2018 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DENNIS JOBE (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED AND REMANDED - 07/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McDONALD, J., FOR THE COURT:**

¶1.     Dennis Jobe (Jobe) appeals two circuit court orders concerning his complaints of facility conditions and deprivation of medical treatment by the Mississippi Department of Corrections (MDOC). The Mississippi Supreme Court has held that these orders are final and appealable and that Jobe's appeal to this Court was timely filed. After reviewing the circuit court opinions, we affirm them but also remand for further action given the circumstances.

### FACTS AND PROCEDURAL HISTORY

*Appendix A-1*

¶2.     Jobe is incarcerated at the Mississippi State Penitentiary where he is serving a nine-year sentence for possession of marijuana with intent to distribute and a concurrent twenty-year sentence for aggravated assault.

¶3.     Jobe served in the military until 1990. As a veteran, he was entitled to and received treatment at the Veterans Administration Medical Center prior to his incarceration. He alleges that he contracted Hepatitis-C there. Jobe contends that the Veterans Administration will not treat him because they do not treat inmates.

        *1.     Requests for Medical Treatment with Harvoni*

¶4.     After Jobe's conviction and incarceration, Harvoni, a new treatment for Hepatitis-C, became available in 2014. When he learned about Harvoni, Jobe began requesting the treatment. Jobe made an initial request to MDOC's medical contractor, Health Assurance, on May 13, 2015. It responded that it did not have the authority to make that decision and it would refer the request to MDOC.

¶5.     After hearing nothing about the "referral," Jobe sent his first request to MDOC for Harvoni on October 6, 2015. From the forms in the record, it appears that MDOC had thirty days to reply; Jobe received his response from MDOC eighty-six days later on December 27, 2015. In that response, MDOC replied: "Harvoni is not yet on our Pharmacy formulary. It is however being evaluated by executive officials. If and when its use is approved at this facility, we will begin arranging to evaluate eligible patients."

¶6.     Jobe appealed this decision on January 26, 2016. He explained that the response was late due to the holidays and because the ILAP/Legal personnel did not come to pick up the

2

*Appendix A-1*

mail. MDOC's response was quick this time. On January 29, it sent Jobe a letter denying his appeal as untimely.

¶7.　　Nearly eight months later, Jobe made a second request for Harvoni in an August 8, 2016 Administrative Review Process (ARP) filing. It should be noted that MDOC had not denied Jobe the treatment previously; it merely said the Harvoni treatment was under evaluation. Thus, Jobe initiated his request again. MDOC responded on August 15, 2016, saying that it had received Jobe's request but because he had made a previous request on the matter which was closed, he could not make the request again. MDOC specifically said: "Therefore, since this matter has already been accepted and closed, this particular request is being returned to you and will not be processed."

¶8.　　Whether an appeal of this decision or a further request, Jobe submitted another request on September 28, 2016. On October 3, 2016, Jobe received MDOC's response which said the same thing as the August 15 response, namely, that MDOC would not process any further requests on this matter.

　　　　　2.　　*Judicial Review*

¶9.　　Within the thirty-day deadline, on October 28, 2016, Jobe began his appeal to the Circuit Court of Sunflower County. He filed a motion in Sunflower Circuit Court for an extension of time within which to prepare his motion for judicial review. He certified that he had mailed a copy of this motion to MDOC's attorneys. He then completed his motion for judicial review, and it is undisputed that he dropped it in the prison mailbox on November 2, 2016. The clerk received it and filed it on November 9, 2016.

*Appendix A-1*

¶10.  Thereafter, on November 22, 2016, MDOC filed a motion to quash the summons based on lack of personal jurisdiction over MDOC because of improper service of process (i.e., Jobe had failed to have the Attorney General served with process).  MDOC also filed a motion to dismiss on the same grounds.  It also argued that the case was frivolous; that the statute of limitations had expired; and that MDOC was immune from suit based on Mississippi Code Annotated section 11-46-9 (Rev. 2012).  MDOC also filed an answer to Jobe's petition.

¶11.  On November 25, 2016, Jobe responded to MDOC's answer in the circuit court.  In the "Relief" request, Jobe raised for the first time that he had been deprived of outside exercise.  Thereafter, on March 14, 2017, Jobe filed a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" in which he sought relief on the same Harvoni treatment issue but also raised for the first time MDOC's failure to provide him with an MRI for a back problem and being subjected to group punishment.[1]

¶12.  On March 16, 2018, the Sunflower County Circuit Court issued two orders.  The court denied the Motion for Temporary Restraining Order concerning medical treatment for Jobe's back problem, denial of exercise time, and subjection to group punishment because Jobe had failed to exhaust his internal remedies on these issues.  Because of this failure to exhaust, the circuit court found it had no jurisdiction and denied the motion.  In that same order, the court found Jobe had exhausted his administrative remedy on the Harvoni request, but because

---

[1] The record shows that on October 14, 2014, Jobe filed a medical request for a back problem.  MDOC's medical provider responded on April 4, 2015, with an examination showing Jobe had full range of motion but said they planned to get him an MRI.  Jobe made no further internal appeal of MDOC's alleged failure, if any, to provide him that test.

4

*Appendix A-1*

MDOC had taken steps to have him evaluated for Harvoni treatment, the court felt a request

for restraining order was moot.

¶13.    In a separate order concerning Jobe's request for Harvoni, the circuit court stated:

> MDOC determined that Harvoni was not on its pharmacy formulary; but was
> being evaluated for approval at the facility and if approved, Petitioner's
> eligibility for treatment would be evaluated.  The Court cannot simply order
> that Petitioner receive Harvoni.   Whether Petitioner is a candidate for
> treatment of Hepatitis C with Harvoni is a medical determination to be made
> by a gastroenterology (GI) specialist.  According to MDOC's Health Service
> Administrator, Petitioner is being followed in Chronic Clinic for Hepatitis C
> with monitoring of labs and has been offered the Hepatitis A and B vaccines.
> He was last seen on February 13, 2018.   MDOC's Office of Medical
> Compliance has requested an appointment with a GI specialist who will
> determine if Petitioner is eligible for Harvoni treatment and make a
> recommendation to the MDOC Medical Director for approval.
>
> . . . .
>
> **MDOC shall provide Petitioner and the Court an update of the GI
> specialist's recommendation and MDOC's final decision regarding
> Petitioner's Hepatitis C treatment with Harvoni.**

(Emphasis added).

¶14.    Jobe appealed the circuit court's orders to this Court.  The supreme court found his

appeal to be timely and also held that the circuit court orders were appealable.

¶15.    Both Jobe and MDOC filed briefs with this Court.  Oddly, the State's brief, filed on

October 26, 2018, included the results of Jobe's medical evaluation with a Gastrointestinal

(GI) doctor on September 26, 2018.  The State also reported that Jobe has had preliminary

lab work and a follow-up appointment with a GI specialist to determine the best course of

treatment. Further, additional laboratory tests the GI specialist requested have allegedly been

completed for the follow-up appointment. The State indicated that the GI specialist gave "no

*Appendix A-1*

opinion" regarding liver damage or the necessity for treatment but said additional laboratory testing results were pending. The State also said that the recommendations of the specialist will be followed by MDOC and Centurion, the prison's current medical contractor. Finally, the State said that the Office of Medical Compliance has now approved every request for Harvoni Hepatitis-C treatment received from medical specialists.

¶16.    From Jobe's filings with this Court it is clear that he was not provided with this critical update information. Nor has the State shown that this information has been provided to the circuit court as ordered.

## STANDARD OF REVIEW

¶17.    This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts. *Brady v. Hollins*, 192 So. 3d 1066, 1068 (¶4) (Miss. Ct. App. 2016). We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action. *Id.* The court examines "whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id.* Whether the circuit court has jurisdiction is a question of law and is reviewed de novo. *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011).

### I.    The circuit court had jurisdiction to hear Jobe's petition for judicial review of his Harvoni request.

¶18.    The circuit court did have jurisdiction of this issue because this was an ARP review

*Appendix A-1*

and not a "regular civil filing," and no service of process should be required. Moreover, Jobe timely filed his appeal under the mailbox rule.

       *A.*    *Service of Process*

¶19.   The statute concerning the right of judicial review of prisoner's requests/complaints to MDOC, Mississippi Code Annotated section 47-5-807 (Rev. 2015), reads:

> Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

The statute is silent as to the procedure for seeking that judicial review, but it is clearly the last step in the Administrative Review Procedure. It is not a "new filing" or a new lawsuit that would require service of process on MDOC (or the Attorney General for MDOC). Rather, as the final step in the administrative procedure outlined by the statute, no more than notice to the MDOC of the intent to appeal should be required.

¶20.   The situation is similar to the filing of an appeal by a terminated public school teacher or an appeal from justice to county court. The Education Employment Procedures Law, Appeal of Final Decision, Mississippi Code Annotated section 37-9-113, also reads that an employee aggrieved by a final decision of the school board may "seek judicial review." The appeal must be timely made and filed in the chancery court along with payment of the fees specified in the statute. In such cases, no service of process on the school district is required; all that is needed is notification to the board of the employee's intent to appeal. Similarly, an appeal from justice court to county or circuit court, or from a state agency to circuit court, requires only the filing of a notice of appeal. Rules 5.02 and 5.04 of the Uniform Civil Rules

*Appendix A-1*

of Circuit and County Court Practice. New service of process in the appellate court is not required, even though trial there would be de novo.

¶21.    The separate opinion erroneously relies on three cases, *McClurg v. State*, 870 So. 2d 681 (Miss. Ct. App. 2004), *Mansour v. Charmax Indus. Inc.*, 680 So. 2d 852 (Miss. 1996), and *Cratin v. Fisher*, 235 So. 3d 1434 (Miss. Ct. App. 2017). *McClurg* is inapplicable because there the plaintiff prisoner was filing a totally new lawsuit—an action for violation of his constitutional right to equal protection under the Fourteenth Amendment. It was not an appeal of an administrative decision, but as this Court said, "this was a regular civil suit." *McClurg*, 870 So. 2d at 682 (¶4). Accordingly, the proper parties needed to be named and sued. *Id.* Analogous to *McClurg* would be a police brutality case or civil rights case for denial of medical treatment. Those are original actions—"regular civil suits"—initiated in circuit court. But Jobe's action is not a "regular civil suit," but the final step in the statutory administrative review procedure. Thus, *McClurg* is inapplicable.

¶22.    For the same reason, application of *Mansour v. Charmax Indus. Inc.*, 680 So. 2d 852 (Miss. 1996), is also misplaced. While *Mansour* does hold that a trial court acquires jurisdiction through service of process, this is true when a "regular civil suit" is filed like the contempt action filed by the plaintiff in *Mansour*. *Id.* at 853. Moreover, there are other ways a court may obtain jurisdiction (for example, an appeal from a trial-level court). Again, Jobe's appeal is not a "regular civil suit" as was the case in *Mansour*. Jobe was clearly seeking judicial review under the ARP process and not filing a new, original action. So *Mansour* is inapplicable as well.

8

*Appendix A-1*

¶23.　*Cratin v. Fisher*, 235 So. 3d 1434 (Miss. Ct. App. 2017), and its holding of the need

for service of process is also inapplicable to the facts here and also needs clarification to be

consistent with other precedent. In *Cratin*, the prisoner had made an administrative request

for recalculation of his earned time, saying that the method used by MDOC violated state

statutory law. The last denial by MDOC was issued June 15, 2016. Cratin then wrote a letter

to the commissioner which was rejected on July 20. Thereafter, on September 23, 2016,

Cratin filed a "Complaint" against MDOC in Hinds County Circuit Court. It was unclear to

the circuit court whether this was a regular civil suit or a judicial review under the ARP and

it made no determination of which it was or if it had jurisdiction. *Id.* at 1436 (¶5). In case

it did, the circuit court found that the MDOC policy at issue did not violate any statute and

affirmed MDOC's decision. *Id.* On appeal, this Court made no determination about whether

Cratin's filing was a regular civil suit or a judicial review under the ARP. But its holding

covered both possibilities. First, it required service of process, *id.* at 1436 (¶8), which would

apply if the case were a regular civil filing. Cratin had filed his pleading outside of the

county where he was housed. Therefore, the only type of case in which the Hinds County

Circuit Court would have jurisdiction would be in a new civil case.[2] In such a case, service

of process would be required. Second, if considered a judicial review under the ARP, this

---

[2] Because Cratin was housed in Issaquena County, any ARP appeal should have been filed in that county, not Hinds County. *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2015). Therefore, if Cratin's case was an ARP appeal, the Hinds County Circuit Court would not have jurisdiction. But it would over an original complaint because MDOC is a state agency, and jurisdiction lies in the county in which the seat of government is located. *Moore v. Bell Chevrolet-Pontiac-Buick-GMC LLC*, 864 So. 2d 939, 945 (¶23) (Miss. 2004).

9

*Appendix A-1*

Court found that the appeal was untimely because it was not filed within thirty days of MDOC's July 20, 2016 final decision. *Id.* at (¶9).

¶24.    It is incorrect to read *Cratin* to require service of process in a judicial review under the Administrative Review Procedure when the statute itself is silent on the procedure for the filing of an appeal.   Prisoners are usually indigent and not represented by counsel in such actions.   To burden them with first having to know that service of process of an appeal is necessary and then effecting such service of process from the confines of prison are onerous and burdensome and amount to a denial of the prisoner's right to access to the courts. "Civil courts of the United States and each of the States belong to the people of this country and no person can be denied access to those courts, either for a trial or an appeal, because he cannot pay a fee, finance a bond, risk a penalty, or afford to hire an attorney." *Meltzer v. LeCraw*, 402 U.S. 936, 956 (1971).

¶25.    The administrative procedures afforded under Mississippi Code Annotated section 47-5-807 (Rev. 2015) give Jobe the right to appeal administratively up to and including a judicial review by a circuit court.   It does not require service of process on the Attorney General when judicial review is sought.   Thus, Jobe's filing should not be considered a "regular civil filing" that would require service of process.   Here, MDOC had notice that Jobe was appealing by virtue of the certificate of service on Jobe's motion for extension of time to appeal, filed October 28, 2016.   It also filed an answer to Jobe's motion for judicial review, responding paragraph by paragraph.   MDOC had notice which is sufficient in this kind of case and the jurisdiction of the circuit court was not affected by any failure to serve

*Appendix A-1*

process on the Attorney General.

### B. Timeliness

¶26.   Jobe received MDOC's denial of his last request on October 3, 2016.  He mailed the motion for judicial review of November 2, 2016.  It was not received by the clerk or stamped filed until November 9, 2016.  In *Maze v. Mississippi Department of Corrections*, 854 So. 2d 1090, 1092 (¶8) (Miss. Ct. App. 2003), this Court extended the "prison mailbox rule" to civil filings by pro se prisoners seeking judicial review of administrative decisions.   The supreme court agreed in *Easley v. Roach*, 879 So. 2d 1041 (Miss. 2004), and held that "a pro se pleading is considered 'filed' when mailed by the inmate and not when it is received by the circuit clerk." *Id*. at 1042 (¶4); *see also Griffin v. Epps*, 58 So. 3d 1218, 1220 (¶8) (Miss. Ct. App. 2011).  Here, even MDOC agrees that Jobe dropped his motion for judicial review in the prison mailbox on November 2, 2016, which is within the thirty-day appeal deadline.  Thus, Jobe sought his judicial review within the thirty days required by the statute, and the circuit court had jurisdiction to consider it.

### II.   The circuit court did not err in its rulings on exhaustion of remedies.

¶27.   The circuit court correctly held that Jobe did not exhaust his administrative remedies with regard to his request for treatment of his back pain, the denial of yard privileges, and the imposition of group punishment.  We have consistently held that "[a]n inmate must exhaust all of his internal remedies with the MDOC before seeking judicial review of any complaint." *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55 (¶6) (Miss. Ct. App. 2015) (quoting *Taylor v. Petrie*, 41 So. 3d 724, 727-28 (¶12) (Miss. Ct. App. 2010)).  Jobe did not

*Appendix A-1*

pursue his complaints about these issues, and we affirm the circuit court's ruling refusing to grant any relief on those matters.

### III. The circuit court did not err in its rulings on Jobe's Harvoni request.

¶28. After correctly finding that Jobe exhausted his administrative remedies on his Harvoni request, the circuit court proceeded to the merits of Jobe's appeal. MDOC repeatedly told Jobe that Harvoni was not in the roster of approved treatments but that it was being evaluated, and, if approved, he would be evaluated. While the motion for judicial review was pending, MDOC told the circuit court the same thing, leading the circuit court to rule:

> MDOC determined that Harvoni was not on its pharmacy formulary; but was being evaluated for approval at the facility and if approved, Petitioner's eligibility for treatment would be evaluated. The Court cannot simply order that Petitioner receive Harvoni. Whether Petitioner is a candidate for treatment of Hepatitis C with Harvoni is a medical determination to be made by a gastroenterology (GI) specialist. According to MDOC's Health Service Administrator, Petitioner is being followed in Chronic Clinic for Hepatitis C with monitoring of labs and has been offered the Hepatitis A and B vaccines. He was last seen on February 13, 2018. MDOC's Office of Medical Compliance has requested an appointment with a GI specialist who will determine if Petitioner is eligible for Harvoni treatment and make a recommendation to the MDOC Medical Director for approval.

> Thus, Petitioner has not established that the decision of MDOC to delay his request for Harvoni until completion of the evaluative process is unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or in violation of his constitutional or statutory rights. MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.

¶29. The circuit court did not exceed its authority and conducted the proper analysis in reviewing Jobe's administrative complaint. At the time the matter was reviewed by the

*Appendix A-1*

circuit court (March 2018), there was evidence that MDOC was withholding Harvoni from Jobe but not arbitrarily or capriciously. Indeed, at that time no one was being given Harvoni ("Harvoni is not yet on our Pharmacy formulary [. . . .] It is however being evaluated by executive officials. If and when its use is approved at this facility, we will begin arranging to evaluate eligible patients."). Nor could Jobe show that he was being denied a constitutional right to medical treatment, especially since MDOC represented to the circuit court that it was treating Jobe's other conditions and had requested an evaluation for him by a GI specialist. According to the record and as noted by the circuit court, MDOC had not made a final decision as to whether it will *deny* Jobe the Harvoni treatment; the court simply ruled that MDOC's *delay* was not arbitrary or capricious, beyond the agency's scope, or in violation of Jobe's constitutional rights. The circuit court specifically said it was dealing with MDOC's response to Jobe as a "delay" in care rather than a "denial" of care, saying "Petitioner has not established that the decision of MDOC to delay his requires for Harvoni until completion of the evaluative process is unsupported by substantial evidence . . . ."

¶30.  Although the circuit court correctly denied Jobe's motion concerning the *delay* in MDOC's providing treatment, it is clear that the circuit court itself viewed MDOC's decision as interim and anticipated the MDOC would take further action and make a final decision about whether Jobe would be *denied* the Harvoni. Thus the court ordered:

> MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.

¶31.  Significant events have occurred since the matter was before the circuit court.

*Appendix A-1*

According to the State's brief, an initial evaluation of Jobe has been done, and the GI specialist had "no opinion." Also, it appears that the MDOC has now approved Harvoni and is giving it to prisoner patients. The trial court should be given the opportunity to review this new evidence and issue a final order.

## CONCLUSION

¶32.    For the above reasons, we affirm the circuit court's orders. The Mississippi Supreme Court held that Jobe's appeal to this Court was timely filed and that the circuit court's orders were appealable.[3]  We hold the court did not err in holding that Jobe did not exhaust his administrative remedies with regard to his request for treatment of his back pain, the denial of yard privileges, and the imposition of group punishment.  Nor did the court err in finding that MDOC had not acted arbitrarily and dismissing Jobe's complaint of delayed Harvoni treatment.  We remand the matter to the circuit court for it to receive the update of the GI specialist's recommendation and review MDOC's final decision regarding Jobe's requested Hepatitis C treatment with Harvoni.

¶33.    **AFFIRMED AND REMANDED.**

**J. WILSON, P.J., LAWRENCE AND McCARTY, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., GREENLEE, TINDELL AND C. WILSON, JJ.**

**CARLTON, P.J., DISSENTING:**

¶34.    I respectfully dissent.  The lead opinion acknowledges that Jobe failed to properly

---

[3] Order, 2018-TS-00087-SCT, at 1-2 (Miss. July 30, 2018).

14

*Appendix A-1*

serve MDOC when seeking judicial review of the ARP decision. Mississippi Rule of Civil

Procedure 4(d)(5) provides that service "[u]pon the State of Mississippi or any one of its

departments, officers or institutions," such as MDOC, shall be made "by delivering a copy

of the summons and complaint to the Attorney General of the State of Mississippi." Jobe

failed to comply with Rule 4(d)(5); therefore, the circuit court lacked jurisdiction over Jobe's

appeal in accordance with recent precedent of this Court and Rule 4(d)(5). *See Cratin v.*

*Fisher*, 235 So. 3d 1434, 1436 (¶8) (Miss. Ct. App. 2017) (finding that the circuit court

lacked jurisdiction over the defendant's appeal where defendant failed to serve MDOC

through the Office of the Attorney General when seeking judicial review of an ARP

decision). The lead opinion is in direct conflict with *Cratin v. Fisher*, this Court's recent

precedent, and this case is not distinguishable from *Cratin*. "Whether the circuit court has

jurisdiction is a question of law and is reviewed de novo." *Cratin*, 235 So. 3d at 1436 (¶6).

¶35.  "While pro se litigants are afforded some leniency, they 'must be held to substantially

the same standards of litigation conduct as members of the bar.'" *Sumrell v. State*, 972 So.

2d 572, 574 (¶6) (Miss. 2008). In *Perry v. Andy*, 858 So. 2d 143, 149 (¶23) (Miss. 2003),

the supreme court held that "pro se plaintiffs must strictly comply with the requirements of

[Mississippi Rule of Civil Procedure] 4(h)."

¶36.  In the present case, MDOC filed an answer, as well as a motion to quash the summons

and a motion to dismiss Jobe's motion for judicial review pursuant to Rule 12(b). In both

motions, MDOC argued that Jobe failed to personally serve MDOC with process, and

*Appendix A-1*

therefore the circuit court lacked personal jurisdiction over MDOC.[4] MDOC explained that Rule 4(d)(5) requires MDOC to be personally served through the Mississippi Office of the Attorney General, and Jobe failed to do so. MDOC also asserted that it had not made a general appearance in the matter.

¶37. In *McClurg v. State*, 870 So. 2d 681, 681 (¶2) (Miss. Ct. App. 2004), the petitioner filed a civil complaint against the State alleging that an amendment to a parole statute violated his right to equal protection of the law. However, the petitioner failed to properly name and serve the Parole Board and MDOC. *Id.* at 682 (¶4). In its original opinion, this Court determined that MDOC and Parole Board "should have been made proper parties and properly served so as to allow them to defend[,]" but this Court held that "since the Attorney General had filed an appellate brief and would be representing the Parole Board and MDOC in any event, . . . we should proceed to a decision on the merits of the case." *Id.* The State filed a motion for rehearing. *Id.* at (¶5). On rehearing, this Court held:

> In its motion for rehearing, the State correctly points out that our original opinion places them in a "Catch–22" position: if the Attorney General accepts the trial court's order that the case is a PCR and files a brief, they thereby waive service of process if the appellate court rules the case is not a PCR. If the Attorney General ignores the lower court's order and does not file a brief, thereby not waiving process, it runs the risk the appellate court will agree the

---

[4] Additionally, because MDOC stated in its August 15, 2016 response that it would not be processing Jobe's request because his ARP grievance was closed, it appears that MDOC's August 15, 2016 response constituted its final decision for purposes of section 47-5-807. A review of Jobe's third ARP grievance, which he filed on August 9, 2016, and his fourth ARP grievance, which he filed on September 28, 2016, reflects that in both grievances, Jobe sought the same relief: to receive a prescription for Harvoni to treat his Hepatitis C and to be transferred to a different regional correctional facility. MDOC's ARP subsequent responses, filed August 15, 2016 and September 29, 2016, respectively, are therefore nearly identical (and understandably so).

16

*Appendix A-1*

case is a PCR and that a brief should have been filed.

*Id.* at (¶5). In its opinion on rehearing, this Court then clarified that the petitioner's complaint "should have been dismissed for failure to properly name and serve the actual parties in interest, namely the Parole Board and [MDOC]." *Id.* at (¶6). *See also Mansour v. Charmax Indus. Inc.*, 680 So. 2d 852, 854 (Miss. 1996) ("A trial court can acquire jurisdiction over an individual through service of process. In addition, a trial court can acquire jurisdiction over the person through his appearance. Without either occurrence, the trial court does not have jurisdiction over the person.") (citations omitted). The supreme court has held that "actual knowledge of a suit does not excuse proper service of process" and that "[c]omplete absence of service of process offends due process and cannot be waived." *Mansour*, 680 So. 2d at 855.

¶38. Due to Jobe's failure to comply with Rule 4(d)(5), and in accordance with this Court's recent precedent in *Cratin v. Fisher*, the circuit court lacked jurisdiction over Jobe's appeal. In keeping with our precedent on this very issue of service of process upon MDOC, I would vacate the circuit court's orders entered on March 16, 2018, and I would remand to the circuit court for dismissal for lack of jurisdiction. *See Cratin*, 235 So. 3d at 1437 (¶11).

**BARNES, C.J., GREENLEE, TINDELL AND C. WILSON, JJ., JOIN THIS OPINION.**

*Appendix A-1*

# Supreme Court of Mississippi
# Court of Appeals of the State of Mississippi
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

July 30, 2019

This is to advise you that the Mississippi Court of Appeals rendered the following decision on the 30th day of July, 2019.

Court of Appeals Case # 2018-CP-00087-COA
Trial Court Case # 2016-0319(CM)(S)

Dennis Jobe a/k/a Dennis James Jobe Jr. a/k/a Dennis Jobe Jr. a/k/a Dennis J. Jobe Jr. a/k/a Dennis James Jobe v. State of Mississippi, Mississippi Department of Corrections and Earnest Lee

Current Location:
MSP # W1201
P. O. Box 1057
Parchman, MS 38738

Affirmed and Remanded. Sunflower County taxed with costs of appeal.

### * NOTICE TO CHANCERY/CIRCUIT/COUNTY COURT CLERKS *

If an original of any exhibit other than photos was sent to the Supreme Court Clerk and should now be returned to you, please advise this office in writing immediately.

**Please note: Pursuant to MRAP 45(c), amended effective July, 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found by visiting the Court's website at: https://courts.ms.gov, and selecting the appropriate date the opinion was rendered under the category "Decisions."**

*Appendix A-2*

**CAROLYN P. HAMILTON**
SUNFLOWER COUNTY CIRCUIT CLERK
P.O. BOX 880
200 Main Street
Indianola, MS 38751



Dennis Jabe #W1201
Unit 30C - A46
Parchman, MS 38738

Date Received 9-10-19

Accepted ✓         Refused

Inmate Signature Dennis Jabe #61207

Date/Time 9-10-19   908

Inspected by Lattee Johnson

*Appendix: [illegible handwriting]*

*A-2*

# IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

**DENNIS JOBE**

**V.**                                    **CIVIL ACTION NO. 2016-00319(CM)(S)**

**EARNEST LEE, ET AL**

## ORDER

This Court, having reviewed MDOC's filing which includes the medical documentation regarding Petitioner's Hepatitis C treatment as requested by this Court, hereby finds that Petitioner is receiving a medically approved course of treatment. It is therefore,

**ORDERED AND ADJUDGED** that this matter is hereby **DISMISSED**.

**SO ORDERED** this the 29th day of August 2019.

MARGARET CAREY-McCRAY
CIRCUIT JUDGE

FILED

SEP 05 2019

CAROLYN P. HAMILTON
BY_____ D.C.

MB198

PG 209

Appendix C-1

# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00087-COA

Dennis Jobe, W1201                              Appellant

V.

State of Mississippi, Mississippi              Appelles
Department of Corrections and
Earnest Lee (MDOC)

## Response to Defendant's Submission

Comes now, Dennis Jobe, W1201, pro se, with Response to Defendent's Submission. In accordance to the Courts decision of 7/30/2019. Please note Mississippi Department of Corrections Nor Centurion has ordered a post treatment hephatic fibrosure test to determine what level of irrepairable/irreversible/liver-scarring exist and/or possible ramifications for such an unnecessary delay in rendering the cure.

-1-

*Appendix C-1*

It is reasonable to infer that such a post-hephatic fibrosure test would be standard to document the facts and hopefully rests the mind of Jobe and those responsible for the delay.

In addition, no lab reports or analysis thereof included in MDOC's submitted medical records in response to this Court's decision dated 7/30/19. Therefore, without all of these previously Known lab results and Knowable current hephatic fibrosure results, the SunFlower County Circuit Court is unable to make a fully informed decision.

Sworn and Suscribed on the 15th day of August 2019.

Respectfully Submitted
128 U.S.C28 1746

/S// Dennis Jobe
Dennis Jobe, # W11201
MSP Unit 30 C-A-46
Parchman, MS. 38738

(2)

Hon. David Crews, Clerk                                    Febuary 5, 2020
Uninted States District Court
301 W. Commerce St. #13/P.O.Box 704
Aberdeen Ms. 39730-0704

          Re: 42 U.S.C. 1983   Complaint/Filed
          Copy No. _____

     Dear Clerk,
        Please find the attached 42 U.S.C. 1983 completed in spite of the
chaos and turmoil of state prison in recent weeks. The financial
statement has been mailed to the Mississippi Department of Corrections
(MDOC) Inmate Legal Assistence Program (ILAP). Department in Jackson for
Gia Mclead and all facets of the financial requirements will be forwarded
upon their return.

Executed on the 5th day of Febuary, 2020.
Mailed by appointment on or about the
10th day of Febuary, 2020.

                              Respectfully Submitted
                              28 U.S.C. §1746

                              /1511/ Dennis Jobe
                              Dennis Jobe #W1201
                              MSP Unit 30 C bldg., B-zone, bed #22
                              Parchman, Ms. 38738