IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DENNIS JOBE**                                                                                         **PLAINTIFF**

v.                                                                                                         No. 4:20CV39-NBB-DAS

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**PELICIA HALL**
**SUPERINTENDENT MARSHALL TURNER**
**STEPHEN WHEELER (CENTURION)**
**DOCTOR JUAN SANTOS**
**NURSE PRACTITIONER ANGELA BROWN**
**MDOC MEDICAL DIRECTOR GLORIA PERRY**               **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Dennis Jobe, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants denied him adequate medical care by failing to provide him with the drug Harvoni to treat him for Hepatitis C. Defendant Nurse Practitioner Angela Brown has moved [58] to dismiss this case for three reasons: (1) failure to state a constitutional claim; (2) the applicable statute of limitations has expired; and (3) the suit is barred by the doctrines of *res judicata* and collateral estoppel. Mr. Jobe has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the motion by defendant Nurse Practitioner Brown to dismiss will be granted, and the instant case will be dismissed with prejudice as to Nurse Practitioner Brown and the remaining defendants.

**Factual Allegations and Procedural Posture**

On March 9, 2020, Dennis Jobe—a *pro se* litigant currently incarcerated at Mississippi State Penitentiary—filed suit against Mississippi Department of Corrections ("MDOC"), Nurse Practitioner Brown, Doctor Juan Santos, and Gloria Perry under 42 U.S.C. 1983 for violating his Eighth Amendment right to be free of cruel and unusual punishment.[1] Regarding Nurse Practitioner Brown, Mr. Jobe claims she was deliberately indifferent to his serious medical needs when, in 2015, she failed to recommend that he be treated with Harvoni, a drug that cures Hepatitis C.[2] Mr. Jobe concedes that he was ultimately provided with Harvoni on December 5, 2018.[3] He claims that the defendants' refusal to provide the drug from 2015 until December 2018—when it was approved on the pharmacy formulary—constitutes deliberate indifference to his serious medical needs.

Mr. Jobe does not include any substantive allegations in the body of his Complaint, but states that the claims that are the subject of his suit were addressed through the prison's grievance process – the Administrative Remedy Program ("ARP"). He alleges that grievance MSP-15-2132, filed on October 5, 2015, addressed the defendants' failure to provide him with Harvoni.[4] Mr. Jobe attached to

---

[1] Plaintiff initially named Marshall Turner, Superintendent of MDOC, and Stephen Wheeler CEO of Centurion, but these defendants were dismissed from the Court based on their supervisory roles and Plaintiff's inability to state a claim against them. Doc. 17.

[2] Spears Transcript at 9:7 – 10:7 ("Nurse Practitioner Brown . . . was the person . . . telling me that it was too expensive . . . She makes a call whether or not to - - to request it for me or whether to pass it on to a person, committee, board, or panels who make that decision."); *see also Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. 2010) (allegations at *Spears* hearing supersede allegations of complaint); Doc. 1 at 2-3 (alleging that Plaintiff presented the same facts and issues alleged in this complaint to the MSP grievance system on October 5, 2015); *id.* at 6 (October 5, 2015 grievance complaining that MDOC has still failed to provide him with Harvoni after they told him they would refer his request for the medication.); Doc. 5 at 55 ("a delay that stretched from when the first drug (DAAD) for curing hep-C was discovered and advertised, at least early 2015 . . .").

[3] *Spears* Transcript at 7:7.

[4] Doc. 1 at 3.

his Complaint several ARP records and several documents from a related state court case.[5] He also filed a Memorandum Brief in Support of the 42 U.S.C. § 1983 Complaint, Doc. 5, which contains additional allegations regarding his 1983 claims, documents purporting to be ARP records, and his medical records. On August 27, 2020, the court held a *Spears* hearing, where Mr. Jobe elaborated on the claims underlying this lawsuit. These three records—Mr. Jobe's Complaint and its attachments, his Memorandum Brief in Support of his Complaint and its attachments, and his testimony at the *Spears* hearing—will be referred to collectively as Plaintiff's Complaint.

**2015 - 2016 Administrative Remedies**

According to Mr. Jobe's Complaint, he first asked for Harvoni on May 13, 2015, from Health Assurance, MDOC's medical contractor at the time, whose personnel indicated they would refer the request to MDOC.[6] When he did not receive the drug, he submitted an administrative grievance on October 6, 2015, complaining that medical officials were denying him an adequate treatment for Hepatitis C in violation of his Eighth Amendment rights.[7] Mr. Jobe received MDOC's First Step response on December 27, 2015.[8] He appealed the decision on January 26, 2016, but MDOC denied the appeal as untimely on January 29, 2016.[9]

---

[5] *See* Doc. 1 at 4-35.

[6] Doc. 1 at 14; *Jobe v. MDOC*, 288 So. 3d 403, 405-6 (Miss. Ct. App. 2019).

[7] *Id.* at 406; Doc. 1 at 6 ("This is a complaint against MDOC medical officials for denying me an adequate medical treatment (cure) for my Hepatitis-C by providing me with this new drug (Harvoni) with a 96% to 98% cure rate, in violation of my eighth amendment to the United States Constitution.").

[8] Doc. 1 at 14 ("Harvoni is not yet on our Pharmacy formulary. It is however being evaluated by executive officials. If and when it is approved at this facility, we will begin arranging to evaluate eligible patients.")

[9] Doc. 1 at 14-15.

Mr. Jobe made a second request for Harvoni on August 8, 2016.[10] On August 15, 2016 MDOC responded to his grievance, noting that it was a duplicate request and would not be considered.[11] He submitted yet another request for Harvoni on September 28, 2016, and on October 3, 2016, MDOC responded that MDOC would not process any further requests.[12] At this point, Mr. Jobe took his claims to state court.

**2016 State Court Action**

On October 28, 2016, Dennis Jobe began the process of seeking judicial review of MDOC's ARP decision.[13] On November 2, 2016, he filed a Motion for Judicial Review in the Sunflower County Circuit Court ("2016 Action").[14] In the 2016 Action, Mr. Jobe named Commissioner Marshall Fisher, MDOC, MSP Superintendent Ernest Lee, Dr. Gloria Perry, ARP Adjudicator Richard Pennington, Dr. Santos, and Nurse Practitioner Brown.[15] Though Nurse Brown was named as a Defendant, she was never served with process and never appeared in the 2016 Action.[16] In the Motion, Mr. Jobe argued that the defendants' denial of Harvoni while it was awaiting formulary approval amounted to deliberate indifference to his serious medical needs, and he asked the court to order the Defendants to provide the medication and award him money damages.

---

[10] Doc. 1 at 15.

[11] Doc. 1 at 15 ("Therefore, since this matter has already been accepted and closed, this particular request is being returned to you and will not be processed.").

[12] Doc. 1 at 15.

[13] Doc. 1 at 15.

[14] Doc. 1 at 15.

[15] Exhibit A, Record on Appeal at 6-8 (Motion for Judicial Review at 2-4).

[16] Exhibit A, at Docket Page.

In the Motion for Judicial Review and accompanying memorandum brief, Mr. Jobe made the following arguments and factual allegations (as set forth verbatim below):

> "The defendants named have deprive Jobe of the medication that is available to 'cure' his Hepatitis-C virus, the medical named defendants . . . all are responsible and charged with deliberate indifference . . . ."[17]
>
> "Centurion contract doctors and Nurse Practitioners in Jobe[']s case do not dispute the fact that he has Hepatitis-C nor did they deny knowledge of the medication, Harvoni, which has a proven success. They simply deny administering it because 'its not in their formulary. . .' per Dr. William Bar."[18]
>
> "Centurion employees . . . still fail to provide this medication with the . . . response from Nurse Practitioner Brown that if they provided this medication which was costly to all the inmates within the system of MDOC, . . . they claim if given the meds [some] inmates would go out and share a needle or get a tattoo and contract the disease again."[19]
>
> "This disease could be life threatening because the results of a bi-annual blood test would only show high enzyme counts which would show irreparable liver damage is already occurring."[20]
>
> "Under the Constitution, prison officials need provide care for 'serious medical needs.'"[21]
>
> "Jobe is being denied treatment for a serious medical condition."[22]
>
> "Medical defendants acting on orders of their employer have wantingly refused to prescribe him the medication because their employer does not want the burden and cost of medication – proven to 'cure' not just slow the progression of the effects of this disease that could deprive Jobe of quality of life after his incarceration."[23]

---

[17] Exhibit A, Record on Appeal at 9 (Motion for Judicial Review at 5).

[18] Exhibit A, Record on Appeal at 6-8 (Brief in support of Motion for Judicial Review at 5).

[19] Exhibit A, Record on Appeal at 17-18 (Brief in support of Motion for Judicial Review at 5-6).

[20] Exhibit A, Record on Appeal at 11 (Motion for Judicial Review at 7).

[21] Exhibit A, Record on Appeal at 16-17 (Brief in support of Motion for Judicial Review at 4-5).

[22] Exhibit A, Record on Appeal at 27 (Brief in support of Motion for Judicial Review at 15).

[23] Exhibit A, Record on Appeal at 12 (Motion for Judicial Review at 8).

Mr. Jobe argued that the failure to provide adequate medication justified "an [in]junction or damages . . . ."[24] He sought relief in the form of "necessary medication" and a "reasonable punitive/monetary allowance."[25]

On March 8, 2018, the Sunflower County Circuit Court, in ruling on Mr. Jobe's Motion for Judicial Review, held:

> This case comes before this Court on Petitioner's Motion for Judicial Review of MSP-15-2132. Petitioner specifically claims MDOC unlawfully denied his specific request to be prescribed Harvoni as treatment for Hepatitis C. Petitioner also seeks monetary damages and other relief. This Court, having considered the matter and having reviewed documents presented, finds sufficient evidence that warrants upholding the decision of the Mississippi Department of Corrections. Decisions of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or in violation of the constitutional or statutory rights of the aggrieved party. *Griffis v. Mississippi Dept. of Corrections*, 809 So. 2d 779 (Miss. Ct. App. 2002).
>
> Petitioner's claim for damages fails to state a claim upon which relief can be granted as Petitioner, an inmate, is seeking damages from the employees of a governmental entity while incarcerated. Pursuant to Miss. Code Ann. § 11-46-9 (m), defendant is statutorily immune from claims such as those sought herein. *See also*, *Love v. Sunflower County Sheriff's Dept.*, 860 So. 2d 797 (Miss. 2003); and *Liggans v. Coahoma County Sheriff's Depart.*, 823 So. 2d 1152 (Miss. 2002). Petitioner's claim for damages is hereby dismissed.
>
> The decision of MDOC in MSP-15-2132 is supported by substantial evidence. Petitioner requested Harvoni for treatment of Hepatitis C. MDOC determined that Harvoni was not on its pharmacy formulary; but was being evaluated for approval at the facility and if approved, Petitioner's eligibility for treatment would be evaluated. The Court cannot simply order that Petitioner receive Harvoni. Whether Petitioner is a candidate for treatment of Hepatitis C with Harvoni is a medical determination to be made by a gastroenterology (GI) specialist. According to MDOC's Health Service Administrator, Petitioner is being followed in Chronic Clinic for Hepatitis C with monitoring of labs and has been offered the Hepatitis A and B vaccines. He was last seen on February 13, 2018. MDOC's Office of Medical Compliance has requested an

---

[24] Exhibit A, Record on Appeal at 15 (Brief in support of Motion for Judicial Review at 3) (citing *United States v. Derbes*, 369 F.3d 579-83 (1st Cir. 2004); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *Caldwell v. United States*, 992 F. Supp. 363, 366 (S.D. N.Y. 1998)).

[25] Exhibit A, Record on Appeal at 28-29 (Brief in support of Motion for Judicial Review at 16-17).

appointment with a GI specialist who will determine if Petitioner is eligible for Harvoni treatment and make a recommendation to the MDOC Medical Director for approval.

Thus, Petitioner has not established that the decision of MDOC to delay his request for Harvoni until completion of the evaluative process in unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or in violation of his constitutional or statutory rights. MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.

All other requested relief is hereby denied. . . . [26]

Mr. Jobe appealed the circuit court's order to the Mississippi Supreme Court on May 15, 2018, which assigned the case to the Mississippi Court of Appeals.[27] In his Appellant's Brief, Mr. Jobe argued:

"Centurion employees (MDOC contractors) could not provide Jobe with DAAD medications because it appears it would be outside their contract obligations."[28]

"It cannot be inferred that Jobe's claim of intentionally denying or delaying medical care could be viewed as ordinary lack of care. Jobe established clear rational documented proof of a serious medical claim(s)."[29]

"No reasonable jurist of reason could not infer Jobe was the victim of deliberate indifference where Defendants intentionally denied or delayed treatment and tat test show that delay has increased Jobe's risk of serious harm now than had it been addressed earlier."[30]

"The intentional denials and delays in treating Jobe's Hepatitis-C and failure to even adequately analyze his back-injury cannot be refuted by Jurist of reason nor can it be

---

[26] Exhibit C, Record on Appeal at 423-424 (March 8, 2018 Order on Motion for Judicial Review).

[27] Exhibit D, Notice of Appeal; Exhibit E, Notice of Assignment to Court of Appeals.

[28] Exhibit F, Appellant's Brief at p. 9.

[29] Exhibit F, Appellant's Brief at p. 18.

[30] Exhibit F, Appellant's Brief at p. 22 (citing *Estelle v. Gamble*; *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed. 2d 811 (1994); *Rhodes v. Chapman*, 425 U.S. 337, 349, 1010 S.Ct. 2392, 2400, 69 L.Ed. 2d 59 (1981); *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed. 2d 393 (1984)).

> said that Sunflower County Circuit Court used rational judgment in their denials of motions."[31]

> "Jobe prays this Honorable Court of Appeals will recognize MDOC's deliberate indifference in both Jobe's Hepatitis -C claim, and back injury claim, . . . and, thus, cruel and unusual punishment as MDOC proved such insensitive as was in *Gates v. Cook*, 376 F. 3d 323 (5th Cir. 2004)."[32]

In response, counsel for MDOC argued that MDOC was not deliberately indifferent to Mr. Jobe's medical needs and that Plaintiff did not have a right to a specific drug or treatment, such as Harvoni.[33]

On July 30, 2019, the Mississippi Court of Appeals affirmed, holding that "MDOC had not acted arbitrarily and dismissing Jobe's complaint of delayed Harvoni treatment."[34] The Court of Appeals remanded "the matter to the circuit court for it to receive the update of the GI specialist's recommendation and review MDOC's final decision regarding Jobe's requested Hepatitis C treatment with Harvoni."[35] On August 29, 2019, the circuit court issued its final order: "having reviewed MDOC's filing[,] which includes the medical documentation regarding Petitioner's Hepatitis C treatment as requested by this Court, [the Court] hereby finds that *Petitioner is receiving a medically approved course of treatment*."[36] Mr. Jobe did not appeal this ruling. Instead, he filed the instant suit on March 9, 2020. Doc. 1.

---

[31] Exhibit F, Appellant's Brief at 22-23.

[32] Exhibit F, Appellant's Brief at 24.

[33] Exhibit G, Appellee's Brief at 14-21.

[34] Doc. 1 at 26.

[35] Doc. 1 at 26.

[36] Doc. 1 at 32 (emphasis added).

**Standard for a Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also PSKS, Inc. v. Leegin Creative Leathers Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. A judge ruling on a motion to dismiss must accept the factual allegations contained in the complaint as true. *Id.* at 555. The court is not, however, required to accept "conclusory allegations or legal conclusions masquerading as [facts]." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

"In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Courts may take judicial notice of matters of public record, including pleadings in prior cases, when resolving a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment." *Blair v. Yum! Brands, Inc.*, No. 1:19cv322-HSO-RPM, 2020 WL 5073971 (S.D. Miss. Aug. 20, 2020) (citing *Cimel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1984); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)). Indeed, under Federal Rule of Evidence 201, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Blair*, 2020 WL 5073971 at *2 (quoting Fed. R. Evid. 201). "A statute of limitations [defense] may support dismissal under Rule

12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).

### Denial of Medical Treatment

The defendants did not deny Mr. Jobe proper medical treatment, as they were not deliberately indifferent to his serious medical needs. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*.

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191,

193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

Mr. Jobe alleges that "Nurse Practitioner Brown . . . was the person . . . telling me that [Harvoni] was too expensive . . . . She makes a call whether or not to – to request it for me or whether to pass it on to a person, committee, board, or panels who make that decision."[37] First, Mr. Jobe has not alleged that Nurse Practitioner Brown failed to recommend Harvoni to treat him. As such, Mr. Jobe's claim will be dismissed for that reason. *See Green v. Miss. State Prison*, No. 4:08CV166–A–S, 2009 WL 3347349, at *2 (N.D. Miss. Oct. 14, 2009) (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976) ("In order to state a claim for monetary damages under § 1983, plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant"). Further, it is clear from the face of

---

[37] *Spears* Transcript at 9:7 – 10:7.

- 11 -

the pleadings that Nurse Practitioner Brown did not have the authority to recommend or approve treatment with Harvoni, as the recommendation must be made by a GI specialist.[38] In addition, Mr. Jobe states that he was undergoing monitoring, including lab work, for his Hepatitis C.[39] The Circuit Court of Sunflower County recognized that, although not the treatment Mr. Jobe would have preferred, he was "receiving a *medically approved course of treatment*."[40]

Hence, this is not a case where a defendant refused to provide any medical treatment, as Mr. Jobe suggests; instead, Mr. Jobe alleges that he did not receive his *preferred* medical treatment. A prisoner's complaint that medical personnel provided only routine monitoring and evaluation to treat Hep C, rather than referral to a specialist or specific medication, is merely a disagreement with the course of treatment – not deliberate indifference. *See Grumbles v. Livingston,* 706 F. App'x 818, 819-20 (5th Cir. 2017); *Roy v. Lawson*, 739 F. App'x 266, 266-67 (5th Cir. 2018); *Hendrix v. Lloyd Aschberger, P.A.*, 689 F. App'x 250 (5th Cir. 2017); *see also Davis v. Turner*, No. 4:18CV54-GHD-DAS, 2019 WL 2425678, at *3 (N.D. Miss. June 10, 2019) ("The fact that [Plaintiff] desires additional [Hepatitis C] treatment is insufficient to raise an issue of material fact on a claim of deliberate indifference."); *Spiers v. Perry*, No. 1:17CV281-RHW, 2019 WL 2373199, at *2 (S.D. Miss. June 5, 2019) (providing routine monitoring to Plaintiff does not constitute deliberate indifference).

---

[38] *See* Doc. 1 at 17 (circuit court order: "Whether Petitioner is a candidate for treatment of Hepatitis C with Harvoni is a medical determination to be made by a gastroenterology (GI) specialist. . . . MDOC's Office of Medical Compliance has requested an appointment with a GI specialist who will determine if Petitioner is eligible for Harvoni treatment and make a recommendation to the MDOC Medical Director for approval.")

[39] *Spears* Transcript at 15: 6-18.

[40] Doc. 1 at 32 (emphasis added).

In short, Mr. Jobe's disagreement with the medical staff's decision to monitor his condition through Chronic Care does not establish a constitutional violation. *McCray v. Miss. Dep't of Corrections*, 2018 WL 2269914, at *3-4 (N.D. Miss. May 17, 2018) (summary judgment appropriate where inmate's medical records demonstrated an ongoing course of treatment via monitoring and treatment of Hepatitis C condition through chronic care services). For these reasons, Mr. Jobe's allegations against Nurse Practitioner Brown fail to state a valid claim for failure to provide adequate medical care. Mr. Jobe has not alleged that she failed to make the treatment recommendation and, even if he had, the state court held that only a GI specialist can make such a recommendation. As Nurse Practitioner Brown could not make the recommendation regarding Mr. Jobe's treatment with Harvoni, the claim against her fails as a matter of law. Further, Mr. Jobe merely disagrees with the treatment he was receiving, which does not constitute deliberate indifference to his serious medical needs. This allegation must be dismissed for failure to state a claim upon which relief could be granted.

### Statute of Limitations

Mr. Jobe's claim against Nurse Practitioner Brown is also barred by the applicable statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). A Section 1983 action's accrual date, however, "is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. Under federal law, such an action

"accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. The statute of limitations thus begins to run when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted injury." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (internal citations omitted).

Mr. Jobe's constitutional claims focus on defendants' alleged failure to provide him with Harvoni, a treatment for Hepatitis C.[41] Under *Gartrell*, this claim accrued when he knew or had reason to know that: (1) Nurse Brown failed to treat him with Harvoni and (2) her failure caused him injury. However, under the Prison Litigation Reform Act, an inmate cannot file suit regarding prison conditions under Section 1983, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. As such, Mr. Jobe's claim could not have accrued after he submitted his MSP-15-2132 grievance, as he alleges that his claim is based on the same facts as those underlying grievance 15-2132[42], and that specific grievance properly exhausted his claims against the defendants.[43] Mr. Jobe's record shows that this occurred, at the latest, on October 6, 2015, the date he submitted his first administrative grievance complaining that: (1) medical officials were denying him an adequate treatment for Hepatitis C, which (2) violated of his Eighth Amendment right against cruel and unusual punishment.[44] As a result, based on the allegations in the instant Complaint, his § 1983 claim for the denial or delay of Harvoni treatment accrued on or before October 6, 2015.

---

[41] *Spears* Transcript at 9:7 – 10:7 ("Nurse Practitioner Brown . . . was the person . . . telling me that it was too expensive . . . She makes a call whether or not to - - to request it for me or whether to pass it on to a person, committee, board, or panels who make that decision.").

[42] Doc. 1 at 2-3.

[43] Doc. 1 at 3. Nurse Brown disputes that any claims were properly exhausted against her.

[44] Doc. 1 at 6 ("This is a complaint against MDOC medical officials for denying me an adequate medical treatment (cure) for my Hepatitis-C by providing me with this new drug (Harvoni) with a 96% to 98% cure rate, in violation of my eighth amendment to the United States Constitution."); Doc. 1 at 2-3 (affirming grievance MSP-15-2132 submitted on 10-5-15 was for "the same facts and issues [I] allege in

Indeed, even if the statute of limitations was tolled during the exhaustion process, Mr. Jobe still filed the instant case after the expiration of that period. The law of the forum state determines whether, and to what extent, the applicable statute of limitations is tolled. *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993); *Smith v. Regional Transit Authority*, 827 F.3d 412 (5th Cir. 2016 (citing *Gartrell*)). In Mississippi, a statute of limitations is tolled during any time a person is "prohibited by law, or restrained or enjoined by the order, decree or process of any court in this state from commencing or prosecuting any action or remedy . . . ." Miss. Code. Ann. § 15-1-57. Inmates housed at MDOC facilities exhaust administrative remedies upon the receipt of the Second Step Response. *Ryan v. Hall*, No. 1:17cv128-HSO-JCG, 2018 WL 4521222, at *4 (S.D. Miss. Sept. 21, 2018) (quoting *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016)) ("At the second step, another appropriate MDOC official, such as a warden, provides the 'second-step response' via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court.").

Under Mississippi law, the statute of limitations for Mr. Jobe's claim was tolled during the time that he was properly exhausting administrative remedies. It is unclear whether Mr. Jobe *properly* exhausted his administrative remedies, as his first Second Step Response was untimely. Nonetheless, assuming, *arguendo*, that he has exhausted administrative remedies for MSP15-2132, the claim would have accrued, at the latest, before he appealed to the Sunflower County Circuit court on October 28,

---

this complaint"); *Spears* transcript 9:20-23 ("Nurse Practitioner Brown . . . was the person I was in front of the most telling me that it was too expensive . . . ."). Plaintiff also knew on December 27, 2015, when he received MDOC's First Step response, that MDOC still had not approved his request for Harvoni. Doc. 1 at 5 ("Harvoni is not yet on our Pharmacy formulary. It is however being evaluated by executive officials. If and when it is approved at this facility, we will begin arranging to evaluate eligible patients.") Mr. Jobe knew on January 24, 2016 that the "failure . . . to provide [him] with this drug not only violates the (8th) Eighth Amendment . . . but it is also forming a 'deliberate indifference' concerning my medical needs by MDOC's administrative authority." Doc. 1 at 10 (Plaintiff's Second Step Response Form regarding MSP-15-2132 dated January 24, 2016).

2016. Even assuming that the three-year limitations period for the Harvoni claim was tolled until October 28, 2016, Mr. Jobe would have had until October 28, 2019 to file suit against the defendants for their failure to provide him with Harvoni treatment.[45] Mr. Jobe did not file the instant suit until March 9, 2020, after the limitations period expired. Hence, his claims in the instant case regarding Harvoni treatment are barred by Mississippi's three-year statute of limitations.

### *Res Judicata* and Collateral Estoppel

The plaintiff's claims regarding treatment with Harvoni are also barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars

---

[45] At the very latest, Mr. Jobe's claim accrued upon the filing of his Motion for Judicial Review on **November 9, 2016**, in which he claimed that Nurse Practitioner Brown was deliberately indifferent for denying or delaying Harvoni treatment. Exhibit A, Record on Appeal at 17-18 (Memorandum Brief in support of Motion for Judicial Review at 5-6) ("Centurion employees . . . still fail to provide this medication with the . . . response from Nurse Practitioner Brown that if they provided this medication which was costly to all the inmates within the system of MDOC, . . . they claim if given the meds [some] inmates would go out and share a needle or get a tattoo and contract the disease again.").

claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.*

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his treatment for Hepatitis C and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Nurse Practitioner Brown will be dismissed as frivolous. Mr. Jobe named the same defendants, including Nurse Practitioner Brown, in both the 2016 Action and his federal lawsuit.[46] As such, *res judicata* bars him from suing Nurse Practitioner Brown – *and* the remaining defendants – on his Harvoni claims.

*Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under the doctrine of issue preclusion, the plaintiff's claims regarding his treatment for Hepatitis C must also be dismissed as frivolous, as a valid judgment has been entered against him in state court covering these precise issues. This also holds true for the remaining defendants. Therefore,

---

[46] In the 2016 state court Action, plaintiff named Commissioner Marshall Fisher, MDOC, MSP Superintendent Ernest Lee, Dr. Gloria Perry, the ARP Adjudicator Richard Pennington, Dr. Santos, and Nurse Practitioner Brown. Exhibit A, Record on Appeal 6-8 (Motion for Judicial Review at 2-4).

under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed as frivolous.

## Conclusion

For the reasons set forth above, the motion [58] by defendant Angela Brown to dismiss will be granted, and the instant case will be dismissed: (1) for failure to state a claim upon which relief could be granted; (2) for failing to file it before the expiration of the limitations period; and (3) under the doctrines of *res judicata* and collateral estoppel. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of November, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE